IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:22-CR-0119 |
| | : | |
| v. | : | |
| | : | |
| CRAIG ALAN HARE | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Defendant Craig Alan Hare ("Hare") is charged in a one-count indictment with possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) Before the court is a motion to dismiss that count based on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), arguing that Section 922(g)(1) is unconstitutional as applied to him. (Doc. 21.) Following protracted litigation due to the ever-changing legal landscape of Second Amendment jurisprudence, the court finds that dismissal of Count 1 is precluded by *United States v. Quailes*, 126 F.4th 215 (2025), and *United States v. Moore*, 111 F.4th 266 (3d Cir. 2024). Thus, the motion to dismiss will be denied.

### **BACKGROUND**

Hare was charged by indictment on March 24, 2022, with one count of possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) He had an initial appearance on July 11, 2022, and

1

was detained pending trial. (Doc. 15.) On September 21, 2022, Hare filed a motion to dismiss the indictment based on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), arguing that Section 922(g)(1) is unconstitutional as applied to him. (Doc. 21.) After the parties briefed the issue, the court entered an order on November 10, 2022, deferring ruling on the pending motion to dismiss in order to incorporate by reference the expected expert historical reports that would be filed in another criminal case pending in this district. (Doc. 28.) On November 22, 2022, the court vacated the November 10 order in light of the Third Circuit Court of Appeals precedential panel opinion in *Range v. Attorney General*, 53 F.4th 262 (3d Cir. 2022) (*per curiam*) ("*Range I*"). (Doc. 29.) The court then denied Hare's motion to dismiss on December 1, 2022, based on the panel opinion in *Range*, which reaffirmed the constitutionality of Section 922(g)(1) under the history and tradition framework established in *Bruen*, as applied to an appellant whose prohibited status resulted from a conviction for welfare fraud, a non-violent misdemeanor under Pennsylvania law. (Doc. 30.)

  Then, on July 12, 2023, Hare filed a motion for reconsideration of the order denying his motion to dismiss the indictment. (Doc. 40.) Hare asserted that reconsideration was warranted because, following the court's denial of his motion, the Third Circuit vacated the panel opinion in *Range*, and then issued an *en banc*

opinion in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) ("*Range II*"), finding that Section 922(g)(1) violates the Second Amendment as applied to Range based on the application of the holding in *Bruen*. (Doc. 40.)  While this motion was pending, the court granted motions to dismiss in two other cases holding that, as applied to each defendant, the Government failed to establish that Section 922(g)(1) is consistent with the Nation's "historical tradition of firearm regulation."  *United States v. Quailes*, 688 F. Supp. 3d 184, 187 (M.D. Pa. 2023); *United States v. Harper*, 689 F. Supp. 3d 16, 20 (M.D. Pa. 2023).  On October 11, 2023, the court granted Hare's motion for reconsideration of the court's order denying his motion to dismiss, but stayed resolution of the motion to dismiss pending the Third Circuit's review of this court's decisions in *United States v. Quailes*, 688 F. Supp. 3d 184 (M.D. Pa. 2023), and *United States v. Harper*, 689 F. Supp. 3d 16 (M.D. Pa. 2023).  (Doc. 48.)

While the *Quailes* and *Harper* appeals were pending, several notable decisions were published.  First, on July 2, 2024, the Supreme Court granted a petition for writ of certiorari for *Range II*, vacated the judgment, and remanded *Range II* for further consideration based on the Court's decision in *United States v. Rahimi*, 602 U.S. 680 (2024).  *Garland v. Range*, 144 S. Ct. 2706, 2707 (2024).  Then, on August 2, 2024, in *United States v. Moore*, 111 F.4th 266, 273 (3d Cir. 2024), *petition for cert. filed*, No. 24-968 (Mar. 7, 2025), the Third Circuit held

that "[a] convict completing his sentence on [federal] supervised release does not have a Second Amendment right to possess a firearm." Lastly, on December 23, 2024, the Third Circuit issued another *en banc* opinion in *Range v. Attorney General*, 124 F.4th 218 (3d Cir. 2024) ("*Range III*"), again finding that Section 922(g)(1) violates the Second Amendment as applied to Range based on the application of the holdings in *Bruen* and *Rahimi*.

Thereafter, on January 17, 2025, the Third Circuit reversed and remanded the consolidated appeals in *Quailes* and *Harper*, extending the holding in *Moore* to convicts on state parole or probation. *United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025). On February 25, 2025, the court lifted the stay on Hare's motion to dismiss and required the parties to file a joint notice advising whether Hare was serving a term of supervised release, probation, or parole for any state or federal criminal offense at the time of the offense alleged in the indictment. (Doc. 66.) The parties filed a joint notice on March 11, 2025 advising the court that Hare was on parole in the Commonwealth of Pennsylvania at the time of the offense alleged in the indictment. (Doc. 73.) Therefore, the motion to dismiss is, once again, ripe for review.

Hare remains detained pending trial and is scheduled for a date-certain jury trial on March 24, 2025. (Doc. 63.) On March 7, 2025, the parties filed a plea agreement, but the court has not yet held a change of plea hearing.

#### DISCUSSION

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). In the briefs in support and in opposition to the motion to dismiss, the parties argue the applicability of *Bruen* and *Range II* to the charge in this case. (*See* Docs. 22, 23, 24.) However, since the briefing of the pending motion was completed, the Third Circuit issued opinions in *Moore* and *Quailes*.[1] In *Moore*, the Third Circuit held that "[a] convict completing his sentence on [federal] supervised release does not have a Second Amendment right to possess a firearm." 111 F.4th at 273. The Third Circuit extended this holding in *Quailes*, holding that Section 922(g)(1) "is constitutional as applied to convicts on [state] parole or probation." 126 F.4th at 224. Thus, controlling Third Circuit precedent provides that the Second Amendment provides no protection to a defendant who was on federal supervised release or state probation or parole at the time the offense at issue was purportedly committed.

---

[1] The court notes that there have been critical developments in Second Amendment jurisprudence in recent years, which have been exhaustively detailed by the Supreme Court and Third Circuit. *See, e.g.*, *Bruen*, 597 U.S. 1; *Range III*, 124 F.4th 218. By not detailing those caselaw developments in this memorandum, the does not overlook the significance of these developments. Rather, the court is expediting its analysis here because the parties do not dispute the applicability of controlling precedent, *i.e. Moore* and *Quailes*, to the specific issue presented in this case.

Here, the parties agree that Hare was on parole in Pennsylvania on January 14, 2022, the offense date alleged in the indictment. Therefore, *Quailes* is controlling and the motion to dismiss will be denied.

## CONCLUSION

Accordingly, for the reasons stated herein, the motion to dismiss, Doc. 21, will be denied. An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: March 12, 2025